STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-03-052
PAP - YOR - 10/20/2004

SCHOONERS INN, LLC,

     Plaintiff

v.

MICHAEL MARCEAU, et al.,

     Defendants

**ORDER
AND
DECISION**

DONALD L. GARBRECHT
LAW LIBRARY

NOV 9 2004

This case involves a series of related disputes between the owners of abutting real estate on Ocean Avenue in Kennebunkport. In its complaint the plaintiff sought, in Count I, a declaratory judgment defining the boundary line, determining that an encroachment easement granted to a predecessor of defendant Marceau in 1984 was no longer in effect and declaring that Mr. Marceau has no right to park vehicles on a portion of the plaintiff's property. Count II was a trespass and conversion claim based on the assertion that Mr. Marceau rebuilt a portion of his building on the plaintiff's land after the termination of the 1984 encroachment easement. Count III was directed to both defendants and is a claim of tortuous interference with an advantageous economic relationship based on claimed actions of the defendants directed toward a restaurant that the plaintiff then operated.

The defendants have answered and counterclaimed. The counterclaim consists of a request for a declaratory judgment establishing an easement by prescription in Count I, a proceeding to quiet title in Count II, a trespass action in Count III, a nuisance action in Count IV and a request for injunctive relief in Count V.

The defendants have filed a motion for summary judgment on Counts I and II of the complaint. That motion will be granted in part.

The first issue is easily resolved as the parties have agreed that the common boundary line is the boundary established in the Dow & Coulombe, Inc. land title survey of The Schooners Inn, LLC, dated April 19, 2001. The parties also agree that a portion of Defendant Marceau's building encroaches on the plaintiff's land and that the encroachment at least had been permitted by a document called Indenture of Easement signed on September 6, 1984 by the predecessors to both sides. They disagree as to whether the encroachment easement is still in effect or whether it has been terminated through the actions of the defendant Marceau.

In the 1984 Indenture the then owners of the two parcels agreed "... that a portion of a certain structure (now owned by Marceau) is situated partly on the said real estate (now owned by plaintiff) and encroaches upon and rests upon said real estate by overlap and extension." The plaintiff's predecessor granted an easement appurtenant to and running with the said land "... to the same extent and in the same manner as the building now overlaps and encroaches." The former owner of the Marceau property was required "during the life of said easement of encroachment" to "maintain, in a proper, substantial and workmanlike manner the encroachment structure at her own cost and expense."

In a key paragraph the Indenture stated in relevant part, "This encroachment easement shall continue so long as the encroaching portion of the structure shall remain standing and that on removal or destruction thereof all rights of encroachment and duty of repair and maintenance...hereunder shall cease." The former owner of the plaintiff's property was in turn granted a right of first refusal to purchase what is now the Marceau property pursuant to detailed requirements.

2

In 1994 Mr. Marceau acquired the property from his mother who had been a party to the 1984 Indenture of Easement. In 1999 he undertook very substantial work on his building, which apparently included the raising of the building so that a new foundation could be put under the structure. The building was lowered back onto its original location. The question has arisen whether this action is a "removal" of the structure such that the easement terminates. If the easement was terminated then the Marceau building is, in part, on the plaintiff's land without permission.

It is true that the easement was not in perpetuity. However, the easement was not limited to an individual or the duration of her ownership or to any specific number of years. The easement required the owner of the encroaching structure to maintain the building. If however the encroaching portion of the building was no longer standing or it was removed or destroyed then the easement would end.

The best interpretation of the entire indenture and the crucial terms in it is that the encroachment could continue indefinitely as long as the building was there and was properly maintained. If the building, or at least the offending portion, fell down, was removed or was destroyed then the easement would end. If a new building was constructed it would have to be built entirely on the Marceau property. This suggests that once the building was gone any new building would need to be solely on the proper side of the boundary line. "Removal" must be interpreted along with the words "standing" and "destruction". The temporary placement of the building on jacks or other support while repair work is done is not "removal". "Removal" is better thought of as a mover backing up a large truck and towing the building to a different location. While there are multiple dictionaries and multiple definitions of "remove" the dictionary in my office, *The American Heritage Dictionary*, Second College Edition, uses the following definitions, "To convey from one place to another", and "To take away".

The Indenture of Easement is of indefinite duration and requires that repairs be made in order for the easement to continue. The repairs in this case, while extensive, did not result in the termination of the easement as the obligation to maintain and repair was met, the building remained standing because of the repairs and the building was not removed or destroyed.

Mr. Marceau has argued in the alternative that the indenture of easement acts as a forfeiture and should be strictly construed. He also argues that because the former owners of the plaintiff's property watched the repairs take place and did not object the current plaintiff is estopped from claiming that the easement ended. These arguments need not be reached.

The defendants will be granted partial summary judgment on the complaint. It is declared that the boundary is that established in the April 2001 survey of Dow & Coulombe. Judgment for defendant Marceau on that portion of Count I seeking removal of encroaching structures. The remainder of Count I regarding parking rights awaits trial or other resolution. On Count II judgment will be entered for the defendant Marceau.

The plaintiff has also filed a cross-motion for partial summary judgment seeking judgment for it on Counts III, IV (in part) and V of the counterclaim. The cross-motion of the plaintiff is denied on Count III, granted on Count IV in part as to injunctive relief and granted on Count V as to injunctive relief regarding a former restaurant. The judgment on those portions of Counts IV and V is that an injunction against the plaintiff will not issue.

Lastly, the motion to amend statement of material facts to correct typographical errors is granted.

4

The entries are:

Defendants' motion for summary judgment on Counts I and II of the plaintiff's complaint is granted in part. On Count I of the complaint it is declared that the common boundary line is the one established in the April 2001 survey of Dow & Coulombe. Judgment for defendant Marceau on that portion of Count I which claims that the encroachment easement has been terminated and requests that a portion of Marceau's building be relocated. The remainder of Count I regarding parking rights is not resolved by this order. Judgment for defendant Marceau on Count II of the complaint.

The plaintiff's cross-motion for partial summary judgment is granted in part. Judgment for the plaintiff on that portion of Count IV of the counterclaim which seeks injunctive relief and that portion of Count V of the counterclaim which seeks injunctive relief regarding an alleged nuisance at a former restaurant. Motion otherwise denied.

Defendants' motion to amend statement of material facts to correct typographical errors is granted.

With the support of counsel the remainder of this case shall be referred to another Justice for a settlement conference.

Dated:        October 20, 2004

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFF:
RONALD LEBEL
**SKELTON TAINTOR & ABBOTT**
**PO BOX 3200**
**AUBURN ME 04212-3200**

DEFENDANTS: MICHAEL MARCEAU & STEPHANIE NADEAU
AARON P. BURNS, ESQ.
SMITH ELLIOTT SMITH & GARMEY
PO BOX 1179
SACO ME 04072

BANKNORTH NA
LAWRENCE CLOUGH ESQ
TOMPKINS CLOUGH HIRSHON & LANGER
PO BOX 15060
PORTLAND ME 04112-5060